

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. J. Crowe, Secretary
Texas State Board of Medical Examiners
Texas Bank Building
Dallas, Texas

Dear Sir:

Opinion No. 0-3183
Re: Who are the properly au-
    thorized members of the
    Texas State Board of Medi-
    cal Examiners to issue valid
    medical certificates?

Your request for an opinion from this department has been re-
ceived and considered. We quote from your request:

"The terms of office of four members of this board
expired this year. Two of them, Drs. Buie and Connally
were reappointed, and Dr. W. C. Morrow, the third man
was reappointed to serve out the unexpired term of Dr.
Buie, who was given a six-year term.

"One of the two new appointees, Dr. Crabb, of Fort
Worth, was confirmed by the Senate the day following the
close of the June examination meeting, the other nominee,
Dr. Sparks of Dallas up to this writing has not been con-
firmed by the Senate.

"All of the examinations were conducted by the then
existing members of the board, who are now grading the
papers of the examinees in their respective subjects, and
it is the general averages made on such grading that awards
of license will be made by the Board on July 21st, and un-
less your department rules otherwise, the members of the
board who examined the classes in each of the 12 subjects
who should sign the license certificates, dated as of July
21st, notwithstanding commission may have been issued
to two new members in the meantime. Is this the correct
procedure, in view of the fact that the board intends, as
usual, to reorganize after the work of its predecessor has
been finished.

"If the board should proceed otherwise, will you kindly

direct its action in completion of the June examinations and the issuance of valid license certificates, in order to avoid subsequent question of the legality of its closing official duties."

We also quote from your supplemental request as follows:

"Referring to your letter of July 5th, concerning our request for an opinion, No. 0-3183 assigned to Walter Koch, this is to advise you that the license certificates referred to therein are due to be issued on Sunday, July 20th, which is the date set for completion of the work of the June examinations, and we should have your opinion before the board on that date, in order to determine by whom the license certificates earned by the examinees of said examination shall be signed.

"In this connection I might mention that none of the new appointees have up to this time presented to the board the commission issued to them by the Secretary of State authorizing them to assume the duties of board members. It is presumed they will do so in the meeting of the 20th, as above mentioned."

The 42nd Legislature, Regular Session, 1931, enacted House Bill No. 7, which Act is generally referred to as the "Medical Practice Act of Texas." The Act is carried in Vernon's Civil Statutes under Chapter 6 of Title 71, as Articles 4495 and 4498, and as Article 739 of Vernon's Penal Code of Texas. The Act became effective April 13, 1931.

Article 4495 reads, in part, as follows:

"The Texas State Board of Medical Examiners shall consist of twelve men, learned in medicine, legal and active practitioners in the State of Texas, who shall have resided and practiced medicine in this State, under a diploma from a legal and reputable college of medicine of the school to which said practitioner shall belong, for more than three years prior to their appointment on said Board. . . Within thirty days after this Act becomes effective, the members of the first Board, as provided in this Act, shall be appointed by the Governor of the State. Of the members first appointed, four shall serve for a term of two years, or until their successors shall be appointed and qualified; four shall serve for a term of four years, or until their successors shall be appointed and qualified; and the remaining four members shall serve for a term of six years, or until their successors shall be appointed and qualified. Thereafter, at the ex-

piration of the term of each member, of the Board
first appointed, his successor shall be appointed by
the Governor of the State, and shall serve for a term of
six years, or until his successor shall be appointed and
qualified. . "

Pursuant to the authority vested in the Governor by the above
Statute, appointments were made to the places created on the Texas State
Board of Medical Examiners. The letter submitting the names of the
appointees issued by the Governor under the Act, specified the date of
termination of the respective terms of office provided for and doubtless
calculated each of them from the effective date of the Act, to-wit, April
13, 1931. A further examination of the submission of appointments of
the subsequent Governors of this State show that the date of the expira-
tion of each term of office of an appointee to said Board was calculated
and the date of expiration of the term of office was designated as April
13, of each respective year.

The records of the Secretary of State show that on December
30, 1936, Dr. N. D. Buie was appointed to fill the unexpired portion of a
six year term to expire April 13, 1943.

On June 2, 1941, Governor W. Lee O'Daniel submitted the
following to the 47th Legislature:

"I ask the advise, consent and confirmation of the
Senate to the following appointment:

"To be members of the Board of Medical Examiners
for six years expiring April 13, 1947,

> Dr. H. F. Connally of Waco, McLennan County
> (re-appointment)
>
> Dr. Sam F. Sparks, of Dallas, Dallas County
> (to succeed Dr. R. H. Peterson)
>
> Dr. M. H. Crabb, of Ft. Worth, Tarrant County
> (to succeed Dr. W. C. Morrow)
>
> Dr. N. D. Buie of Marlin, Falls County
> (to succeed Dr. M. M. Brown).

"To be a member of the Board of Medical Examiners
to fill the unexpired term of Dr. N. D. Buie, appointed to
a six year term: Dr. John A. Hart, of Beaumont, Jefferson
County, (term expires April 13, 1943)."

On June 5, 1941, the Governor submitted to the 47th Legislature

Honorable T. J. Crowe, page 4 (Opinion No. O-3183)

the following:

"I am sorry to inform you that Dr. John A. Hart
of Beaumont will be unable to accept appointment on
the Board of Medical Examiners and, therefore, I am
withdrawing his name for confirmation."

On June 16, 1941, the same Governor submitted to the Senate
of the 47th Legislature the following:

"I ask the advise, consent and confirmation of
the Senate to following appointments:

"To be a member of the Board of Medical Exami-
ners, term to expire April 13, 1943: Dr. W. C. Morrow
of Greenville, Hunt County."

The records of the Secretary of State also show that the appointees
referred to were confirmed by the Senate as follows:

Dr. Buie, June 18, 1941;

Dr. Connally, June 18, 1941;

Dr. Crabb, June 18, 1941;

Dr. Sparks, July 3, 1941;

Dr. Morrow, June 18, 1941.

The same official records show that each of the above named Doctors were
duly issued commissions on June 18, 1941, with the exception of Dr. Sparks.
The records do not show whether or not his commission has yet been issued.

We now consider when the new appointees, whom we have referred
to, become members of the Texas State Board of Medical Examiners.

Under Article 16, Section 17, of our Texas Constitution, all offi-
cers within the State shall continue to perform the duties of office until their
successors are duly qualified. This constitutional provision is applicable to
members of the Texas State Board of Medical Examiners. An incumbent who
holds over continues in office with all the powers incident thereto until a suc-
cessor has duly qualified. He is a de jure and not a de facto officer. Though
his term has expired, he may continue to perform the duties of the office.
34 Tex. Jur. 373.

Under the laws of this State we are of the opinion that member of
the Texas State Board of Medical Examiners, under the facts submitted by

you, has duly qualified when: (1) He has been duly appointed by the Governor; (2) his appointment to the office has been duly confirmed by the Texas Senate; (3) a commission of office has been duly issued by the Governor and attested by the Secretary of State; (4) the appointee has taken the required constitutional oath of office in the county of his residence as required by law (Art. 4496, V.A.G.S.). We find no statute requiring members of the Board to execute an official bond. When all of these requisites are shown we believe the appointee has duly qualified for the office to which he was appointed and becomes invested with all the rights and privileges pertaining to said office and is entitled to exercise the duties imposed upon his.

As a corresponding proposition, we are of the opinion that, in the absence of a statute to the contrary, all rights and duties of the predecessor in office terminate upon the qulification of the new officer.

From a discussion of the foregoing principles of law, which we think are applicable to your proposition, you are respectfully advised that it is our opinion, that Drs. R. H. Peterson, W. C. Morrow, M. M. Brown, who have been succeeded on the Board, as hold overs from and after April 13, 1941, could legally perform official duties as members of said Board until such time as their successors have duly qualified in the manner heretofore discussed. Any official acts performed by either of them, within the scope of their lawful duties, under such circumstances would be proper and legal. However, after their respective successors have duly qualified we believe their official status ceases to exist and that their acts performed thereafter would have no legal status as being acts performed by them as members of the Texas State Board of Medical Examiners. It is also our opinion that their successors, upon becoming duly qualified, would succeed to all powers and duties incumbent upon them as members of said Board.

The status of Dr. H. F. Connally who was appointed to succeed himself, would not be changed by such appointment and his acts would be official, as a hold over, until such time as he qualified to succeed himself.

When Dr. N. D. Buie accepts his new appointment by qualifying for the six year term on the Board, he would, in our opinion, contemporaneously, by implication, resign from his former status as a member of the Board. 34 Tex. Jur. 351.

Dr. W. C. Morrow seems to have been re-appointed not to succeed himself for a six year term but for the unexpired term of Dr. N. D. Buie, which expires on April 13, 1943.

You are, therefore, advised that the only authorized members of the Board who have authority to perform any official act, as members thereof, are those who, at said time, are lawfully holding office. If none of the newly appointed members have, at the time of the meeting referred to

in your inquiry, duly qualified in the manner heretofore discussed, then they are not at that time authorized to perform any official act and approve or sign any certificate. The proper persons, under those facts, would be the old members of the Board who are holding over until their successors are duly qualified. However, if on the date of your meeting any new member has duly qualified, which fact you can ascertain from him, then such duly qualified member is the proper one and only one to perform any official act.

We are not unmindful of the practical situation involved and the problem confronting the Board. However, the law, as we have expressed it, is clear and the Legislature has not made any provision to cover instances where only a portion of an official act has been completed before the termination of a member's official status. The problem, under the presently existing law, is one to be solved by the genius of the Texas State Board of Medical Examiners.

We trust that in this matter we have fully answered your inquiry.

Very truly yours,

APPROVED JUL 18, 1941

ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS By  /s/  Harold McCracken
                                       Harold McCracken
HM:db:ps                                      Assistant

APPROVED OPINION COMMITTEE
        By BWB Chairman